UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY A. MEITZNER,

        Plaintiff,                         Case No. 15-cv-12870

v.                                                Honorable Thomas L. Ludington
                                                  Magistrate Judge Elizabeth A. Stafford

MICHAEL T. TALBOT, et al.,

        Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR CONTINUANCE, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING PLAINTIFF'S CLAIMS**

Plaintiff Larry Meitzner, appearing *pro se*, initiated this matter by filing his complaint on August 13, 2015, which he amended on September 11, 2015. ECF Nos. 1, 13. Meitzner alleges that three Judges on the Michigan Court of Appeals, one court clerk, and one John Doe falsified a presentation of the Michigan Court of Appeals, and that the Court of Appeals' incorrect ruling is prima facie evidence of wrongdoing. ECF No. 1. Meitzner seeks a remand to the Michigan Court of Appeals let his appeal go to a jury. He also seeks an award of $50,000 in compensatory damages and $10,000,000 in punitive damages to a scholastic scholarship endowment of his choice. ECF No. 13.

Defendants' moved to dismiss Meitzner's complaint on September 8, 2015. ECF No. 9. Then, on September 11, 2015 Meitzner moved for a continuance, arguing that Defendants had not properly responded to his complaint within 21 days after service. ECF No. 12. On October 30, 2015 Magistrate Judge Patricia T. Morris issued her report, recommending granting Defendants' motion to dismiss, denying Meitzner's motion for continuance, and dismissing

Meitzner's complaint with prejudice. ECF No. 17. For the reasons stated below, the report and recommendation will be adopted in part and rejected in part. Meitzner's motion for continuance will be denied, Defendants' motion to dismiss will be granted, and Meitzner's complaint will be dismissed with prejudice.

I.

A.

The events underlying Meitzner's current suit relate to a 16-foot wide roadway easement over a portion of his property that is held by his neighbors, Robert J. Clark and Donna M. Clark. In November 2010, the Clarks filed suit against Meitzner in Presque Isle Circuit Court, seeking an order requiring Meitzner to restore the easement to its undamaged state and enjoining Meitzner from interfering with the Clarks' future use of the easement. The state trial court found in favor of the Clarks, and enjoined Meitzner from using farm equipment within 42 inches of the Clarks' easement and from interfering with, intimidating, harassing, threatening, obstructing, or otherwise annoying the Clarks and their guests, employees, or agents who might utilize the easement.

Meitzner appealed the trial court's order to the Michigan Court of Appeals. On August 16, 2012, the Michigan Court of Appeals issued the following opinion:

> Defendant appeals by right from the trial court's judgment enjoining defendant from encroaching upon or interfering with plaintiffs' use of an easement that runs across defendant's land. We affirm.
>
> In 1992, plaintiffs were granted an easement across the property of Paul and Mary Schalk so that plaintiffs could create a 16-foot wide road for the purpose of accessing a parcel of property that they had purchased from the Schalks. According to plaintiffs, the ground making up the easement floods and becomes exceedingly soft and difficult to traverse in the spring. As a result, plaintiffs installed a rock base with smaller rocks on top, with a plan to eventually surface the right of way with gravel.

In 1998, defendant purchased the property subject to plaintiffs' easement. In November 2010, plaintiffs filed suit against defendant, alleging that defendant had used farm equipment to dig up the base stones of the easement road, that defendant had accused plaintiffs and their guests of trespassing when using the easement, that defendant had blocked the easement with farm equipment, and that defendant's actions had reduced the width of the easement road to as little as eight feet in several places. Plaintiffs' suit requested the trial court to order defendant to restore the road to its undamaged state and to enjoin defendant from interfering with plaintiffs' use of the easement in the future.

The trial court found in favor of plaintiffs and enjoined defendant from using farm equipment within 42 inches of plaintiffs' 16-foot-wide roadway and from interfering with, intimidating, harassing, threatening, obstructing, or otherwise annoying plaintiffs and their guests, employees, or agents who might utilize the easement. The trial court did not require defendant to reimburse plaintiffs for the damage to the roadway, finding that insufficient evidence had been presented at trial to establish the cost of the repairs. This appeal ensued.

First, defendant argues that the objections made by plaintiffs' counsel during defendant's cross-examination of Robert Clark denied defendant a fair trial. We disagree.

Defendant sought to use several photographs and a diagram of the easement during his cross-examination of Clark and during his own direct testimony. Plaintiffs' counsel objected several times to the use of the photographs and diagram on the basis that defendant had not provided them to plaintiffs prior to the day of trial despite pre-trial interrogatories and requests to produce. While acknowledging that defendant had not produced the documents before trial, the trial court nonetheless allowed defendant to use them.

Because the trial court overruled plaintiffs' counsel's objections, defendant's first claim on appeal is without merit. Plaintiffs' counsel had a right to object to the use of exhibits that were not produced during discovery. The argument that the trial court was prejudiced against defendant due to plaintiff's counsel's objections is contradicted by the fact that the trial court did not sustain those objections, and instead permitted defendant rather wide latitude during cross-examination. Defendant was not denied a fair trial.

Defendant next argues that insufficient evidence supported the trial court's finding that he harassed plaintiffs, their guests, and their agents. We disagree. The decision to grant injunctive relief is within the discretion of the trial court; we review the trial court's decision for an abuse of discretion. *Kernen v Homestead Dev Co*, 232 Mich App 503, 509-510; 591 NW2d 369 (1998). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). A trial court's findings of fact are reviewed for clear

error[.] *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 8-9; 596 NW2d 620 (1999). "A finding is clearly erroneous when, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. at 9.

At trial, Clark testified that defendant confronted him in a hostile manner when Clark was working to improve the surface of the easement. Plaintiffs entered photographs into evidence showing cultivation marks running through the easement and the resulting damage. Plaintiffs also presented the testimony of Charles Rhode, Jr., who testified that defendant confronted him in a hostile manner on several occasions and that he had witnessed defendant harassing utility workers who were installing power lines under the easement. Thus, the trial court's finding that defendant engaged in harassment is not clearly erroneous, and we will not disturb it. Because the trial court's findings are not clearly erroneous, the trial court did not abuse its discretion when it entered the injunction against defendant.

Affirmed. Plaintiffs, as the prevailing parties, may tax costs pursuant to MCR 7.219.

*Robert J. Clark v. Larry A. Meitzner*, COA 304639 (Mich. Ct. App., August 16, 2012).

**B.**

In response to the Michigan Court of Appeals decision, Meitzner filed the current lawsuit on August 13, 2015 against the three Judges of the Michigan Court of Appeals who wrote the opinion, one court clerk, and one John Doe. ECF No. 1. Meitzner alleges that Defendants "falsified a presentation of the Michigan Court of Appeals". ECF No. 1. His claim rests on an allegation that the Michigan Court of Appeals based its order on incorrect findings of fact and an allegation that the Judges did not respond to his letters and phone calls. *Id.* The matter was referred to Magistrate Judge Morris for general case management on September 2, 2015. ECF No. 8.

Defendants were served on August 18, 2015 and August 20, 2015. ECF Nos. 3-7. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i) Defendants had 21 days after being served with the summons and complaint to answer Meitzner's complaint. In compliance with that rule,

Defendants answered Meitzner's complaint by filing a motion to dismiss September 8, 2015. ECF No. 9. The magistrate judge issued an order requiring Meitzner to respond to Defendants' motion by September 29, 2015. ECF No. 11.

Meitzner did not initially respond. Instead he filed a motion for continuance on September 11, 2015, arguing that Defendants had not timely responded to his complaint and asking the Court to grant Defendants more time to respond to his amended complaint, which he filed that same day. ECF Nos. 12-13. Defendants filed an answer to Meitzner's amended complaint on September 25, 2015, incorporating their previously filed motion to dismiss. ECF No. 14. Meitzner then filed a response to Defendants' motion to dismiss on October 1, 2015. ECF No. 15.

On October 30, 2015 the magistrate judge issued her report, recommending granting Defendants' motion for summary judgment, denying Meitzner's motion for a continuance, and dismissing Plaintiff's complaint with prejudice. Meitzner timely filed objections to that opinion on November 12, 2015. ECF No. 18. He also moved to recuse Judge Morris from the case on November 19 2015. ECF No. 19. Meitzner's motion for recusal was denied on December 14, 2015. ECF No. 21.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

Meitzner makes comprehensive objections to the magistrate judge's report. For that reason, and because he is *pro se*, his claims will be reviewed de novo, as will his motion for a continuance. The magistrate judge's report will be adopted in part and rejected in part.

### III.

Meitzner's motion for continuance will be addressed first. ECF No. 12. There, Meitzner argues that Defendants had been non-responsive to the complaint within 21 days after service and request that Defendants be granted an additional 21 days to respond.

As an initial matter, Meitzner is incorrect in his assertion that Defendants were non-responsive to the pleadings. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve a responsive pleading within 21 days after being served with the summons and complaint, unless another time is specified. However, the filing of a motion under Federal Rule of Civil Procedure 12 defers the deadline for filing such a responsive pleading until after the motion has been ruled upon. *See* FED. R. CIV. P. 12(a)(4). *See also Fleming v. U.S. F.B.I. Detroit MI Field Office*, 2010 WL 431725 (E.D. Mich. February 2, 2010).

Defendants in this case were served on August 18, 2015 and August 20, 2015. ECF Nos. 3-7. Under Rule 12(a)(1)(A)(i) they were required to file a responsive pleading on or before

September 8, 2015. On September 8, 2015, Defendants timely filed a motion to dismiss under Rule 12, thus deferring the deadline for filing a responsive pleading until after the motion to dismiss was ruled upon under Rule 12(a)(4). ECF No. 9.

Furthermore, Meitzner's motion for a continuance was mooted by his filing of an amended complaint on September 11, 2015. ECF No. 12. Under Rule 15(a)(3), once a party amends its pleadings, the other party must file a response to the amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *Id*. Here, because Defendants had already timely responded to the original complaint and no time remained to respond to the original complaint, Defendants had 14 days to respond to the amended complaint. Defendants timely filed a response to the amended complaint on September 25, 2015, adopting their previously filed motion to dismiss under Rule 10(c). ECF No. 14.

Because Defendants timely responded to Meitzner's original complaint and his amended complaint under the Federal Rules of Civil Procedure, Meitzner's motion for a continuance will be denied as moot.

**IV.**

Also before the Court is Defendants' motion to dismiss. ECF Nos. 9, 14. Defendants argue that Meitzner's claims should be dismissed for three reasons: (1) the Court lacks subject matter jurisdiction because Meitzner has failed to raise a substantial federal question; (2) Defendants are entitled to absolute judicial immunity; and (3) Meitzner's claims are barred by the *Rooker-Feldman* Doctrine. These arguments will be addressed in turn.

**A.**

Defendants first argue that Meitzner has not stated a federal claim. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute… which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause of action lies outside this limited jurisdiction … and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id. See also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). A pro se pleading "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle*, 429 U.S. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "However, the Supreme Court has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *West v. Adecco Employment Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). That is, pro se plaintiffs are also held to the strictures of the Federal Rules of Civil Procedure, including Rule 8(a). *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) ("[T]he courts have not been willing to abrogate basic pleading essentials in

pro se suits. [M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." (internal quotations and citation omitted)).

Construing Meitzner's complaint extremely broadly, Meitzner's allegations that Defendants "falsified a presentation of the Michigan Court of Appeals" are sufficient to raise a claim under 42 U.S.C. § 1983, which requires a plaintiff to show that conduct complained of "(1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991). Meitzner alleges that Defendants' conduct deprived him of his rights under "article 14 Bill of Rights/ Title 42/ mail fraud" by "falsifying a presentation of the Michigan Court of Appeals". ECF No. 1. Accordingly, considering the pleadings in a light most favorable to Meitzner, Meitzner has raised a claim under § 1983.

On the other hand, Meitzner has not stated a federal claim with regard to his allegations that Defendants did not correspond with him post-judgment. Such allegations do not support recovery under any recognizable legal theory, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), and therefore will be dismissed.

**B.**

Defendants next correctly argue that Meitner's claims are barred by the doctrine of judicial immunity. Meitzner has named three state judges, a judicial clerk, and an unspecified John Doe as Defendants in this action.[1] All Defendants enjoy absolute judicial immunity from

---

[1] Meitzner provides no information or individualized allegations regarding "John Doe" in his complaint or his amended complaint. In his response to Defendants motion to dismiss Meitzner hypothesizes that "John Doe" could have been the driving force behind the Court of Appeals' finding of facts, suggesting that he is a judicial officer or court employee.

suits for civil damages liability under the law. *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 734-35 (1980). As explained by the Supreme Court:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.
>
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted). Although common law judicial immunity extended only to suits for money damages, *see Pulliam v. Allen*, 466 U.S. 522, 541–43 (1984), Congress expanded the scope of that immunity by amending 42 U.S.C. § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As a result of this amendment, 42 U.S.C. § 1983 "explicitly immunizes judicial officers against suits for injunctive relief." *King v. Roth*, 449 F.3d 1272, 1286 (D.C. Cir. 2005).

State judicial employees are also entitled to quasi-judicial immunity. *See Carlton v. Baird*, 72 F'Appx. 367, 368-69 (6th Cir. 2003); *Johnson v. Turner*, 125 F.3d 324, 334-335 (6th Cir. 1997).

To raise a claim against Defendants, Meitzner would therefore need to establish that (1) the judges and employees were acting in a non-judicial capacity, or (2) the judges and judicial employees were acting in the complete absence of all jurisdiction. Meitzner has not met either exception. Meitzner does not, and cannot allege that Defendants were not acting in a non-

judicial capacity, since his claims rest on an allegation that Defendants acted improperly in performing their judicial function. Meitzner also has not, and cannot allege that Defendants were acting in the absence of all jurisdiction, since he himself formed the basis of their jurisdiction by voluntarily appealing the trial court ruling to their court, and Meitzner has not alleged that Defendants acted outside the subject-matter over which the court was presiding. *See Johnson v. Turner*, 125 F.3d 324, 334-335 (6th Cir. 1997). Meitzner's allegations that Defendants acted with bad faith and malice in writing the opinion and entering judgment against him are insufficient to abrogate judicial immunity. *Mireles*, 502 U.S at 11-12. Meitzner's claims will therefore be dismissed.

## C.

Meitzner's claims are also barred by the *Rooker-Feldman* doctrine. As explained by the Supreme Court, the *Rooker-Feldman* doctrine prevents state-court losers from "complaining of injuries caused by the state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If the source of a plaintiff's alleged injury is the state court decision, then *Rooker-Feldman* prevents a federal district court from asserting jurisdiction. *See Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010).

Meitzner's alleged injury is the unfavorable judgment entered against him by the Michigan Court of Appeals, allegedly based on incorrect and falsified fact-finding. This is precisely the type of claim and injury that the *Rooker-Feldman* doctrine prevents, where Meitner is asking this Court to review a State Court judgment entered against him and the basis of that judgment. Meitzner has raised no independent claim that would bring the case outside the scope of *Rooker-Feldman*, and accordingly his claims are barred.

**V.**

Accordingly, it is **ORDERED** that Plaintiff Meitzner's objections, ECF No. 18, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 17, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Larry Meitzner's motion for a continuance, ECF No. 12, is **DENIED as moot**.

It is further **ORDERED** that Defendant's motion for summary judgment, ECF Nos. 9, 14, is **GRANTED**.

It is further **ORDERED** that Plaintiff Meitzner's claims, ECF Nos. 1, 13, are **DISMISSED with prejudice**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 5, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager